McGREGOR W. SCOTT
United States Attorney
VICTORIA L. BOESCH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
victoria.boesch@usdoj.gov

Attorneys for the Postmaster General

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE W. MORT, a individual,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DEJOY, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE,<br><br>Defendant. | CASE NO. 1:19-cv-00652-NONE-SKO<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**JUDGE: SHEILA K. OBERTO<br>UNITED SATES MAGISTRATE JUDGE**<br><br>(Doc. 41) |

1. RECITALS

WHEREAS, defendant Postmaster General, United States Postal Service and plaintiff Theodore W. Mort contemplate producing documents and information in discovery that implicates privacy rights, including those of third parties protected by the Privacy Act of 1974, 5 U.S.C. § 552a, the parties hereby stipulate to the following Protective Order and request that the Court enter that order.

2. DEFINITIONS

2.1 "CONFIDENTIAL" Information or Items are defined to include the following:

- Plaintiff's tax returns (federal and state) for the years 2012 through 2019.
- Documents concerning investigations of misconduct by and/or discipline received by United States Postal Inspection Service employees other than Plaintiff.

STIPULATED PROTECTIVE ORDER

PAGE 1

- Data from the e-Diary system for United States Postal Inspection Service employees other than Plaintiff.

2.2     Protected Material: any "CONFIDENTIAL" Information or Items.  A party producing Protected Material in discovery shall mark it "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3.     DISCLOSURE OF PROTECTED MATERIAL

3.1     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or agreed to by both parties, Protected Material can only be disclosed to:

(a)     Plaintiff's or Defendant's counsel and members of their staff as necessary to litigate this case.  Plaintiff's or Defendant's counsel and members of their staff may use Protected Materials only for purposes of litigating this case and may not further disclose Protected Materials.

(b)     Experts retained or employed by Plaintiff or Defendant who are working on this case.  Experts retained or employed by Plaintiff or Defendant may use Protected Materials only for purposes of litigating this case and may not further disclose Protected Materials.

(c)     The court and its personnel.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     MISCELLANEOUS

5.1     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

5.2     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any

right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     5.3    <u>Filing Protected Material.</u> A party may not file in the public record in this action any Protected Material produced by the other party absent written agreement from the producing party or a court order.  A party that seeks to file under seal any Protected Material must comply with civil Local Rule 141.

6.    <u>FINAL DISPOSITION</u>

     Within 60 days after the final disposition of this action, as defined in paragraph 4, each party must return all Protected Material that was produced to that party in discovery to the producing party or destroy such material   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  This provision will not prevent the parties from keeping archive copies of pleadings, disclosures, discovery responses, and deposition transcripts for the case.

                Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

Dated:  January 7, 2021          By:    */s/ Victoria L. Boesch*
VICTORIA L. BOESCH
Assistant United States Attorney

Attorneys for the United States

Dated:  January 5, 2021          By:    */s/ Dow Wakefield Patten (authorized 1/5/21)*
DOW WAKEFIELD PATTEN
Smith Patten

Attorneys for Plaintiff Theodore W. Mort

**ORDER**

IT IS SO ORDERED.

Dated:  **January 8, 2021**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE