1

2

3

4

5

6          UNITED STATES DISTRICT COURT

7      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  THEODORE W. MORT,                    No.  1:19-cv-00652-NONE-SKO

10          Plaintiff,

11      v.                               ORDER RE: DEFENDANT'S MOTION TO
                                         AMEND ANSWER
12  POSTMASTER GENERAL UNITED
    STATES POSTAL SERVICE,               (Doc. 36)
13
            Defendant.
14

15

16          This matter is before the Court on Defendant Postmaster General United States Postal

17  Service ("Defendant")'s "Motion to Amend Answer," filed December 18, 2021 ("Motion to

18  Amend").  (Doc. 36.)  Plaintiff Theodore W. Mort ("Plaintiff") filed an opposition brief on

19  January 6, 2021 (Doc. 40), and Defendant filed his reply brief on January 13, 2021.  (Doc. 44.)

20  The Court reviewed the parties' papers and all supporting material and found the matter suitable

21  for decision without oral argument pursuant to U.S. District Court for the Eastern District of

22  California's Local Rule 230(g).  The hearing set for January 20, 2020, was therefore vacated.

23  (Doc. 46.)

24          For the reasons set forth below, the Motion to Amend will be granted.

25                  **I.      BACKGROUND[1]**

26          Plaintiff brings this lawsuit asserting claims for retaliation under Title VII of the Civil

27  ───────────────

28  [1] The factual background summarizes Plaintiff's allegations as set forth in his complaint and its attachments.  (Doc. 1.)

1

1   Rights Act of 1964 and for disability discrimination under and the Rehabilitation Act of 1973 in

2   connection with the termination of his employment as a Postal Inspector with the United States

3   Postal Inspection Service ("USPIS"), the law enforcement arm of the United States Postal

4   Service (the "Postal Service").[2]  (Doc. 1 ("Compl.").)  Plaintiff alleges that he was discriminated

5   and retaliated against following a visit to his home by his USPIS supervisor.  (Compl. ¶¶ 19–20.)

6   Following an investigation of the incident, the Postal Service's Inspector General determined

7   that Plaintiff "demonstrated a lack of candor" and refused to cooperate in the agency's

8   investigation of the issue," and the Postal Service terminated his employment.  (Compl. Ex. A at

9   5.)  Plaintiff alleges that his termination was "retaliatory and unlawful."  (Compl. ¶ 65.  *See also*

10  *id.* ¶ 87.)

11      Defendant filed his answer to the complaint on September 16, 2019.  (Doc. 9.)  On

12  October 24, 2019, the parties participated in a scheduling conference with the Court.  (Doc. 14.)

13  The Court issued a scheduling order on October 25, 2019, which provides that "[a]ny motions or

14  stipulations requesting leave to amend the pleadings must be filed by no later than March 16,

15  2020."  (Doc. 15 at 2.)  The parties were advised that "[a]ll proposed amendments must (A) be

16  supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any

17  modification to the existing schedule . . . and (B) establish, under Fed. R. Civ. P. 15(a), that such

18  an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3)

19  proposed in bad faith, or (4) futile."  (*Id.*) (citations omitted).)

20      Defendant filed the present Motion to Amend on December 18, 2020.  (Doc. 36.)

21  Defendant seeks to add to his answer the affirmative defenses of the after-acquired evidence

22  doctrine and unclean hands.  (*See id.  See also* Doc. 36-2 ¶¶ 26–27.)  Defendant contends that

23  these amendments are directed to "newly discovered prior misconduct" by Plaintiff relating to

24  his former employment.  (*See* Doc. 36-3 ¶ 9; 33; Doc. 44 at 7–8.)

25      Plaintiff opposes the Motion to Amend, asserting that Defendant has failed to

26  demonstrate good cause to justify the untimely amendments, that, if permitted, will prejudice

27

28  [2] Plaintiff voluntarily dismissed with prejudice his claim for relief under the Americans with Disabilities Act.  (*See* Doc. 7.)

2

1     Plaintiff.  (Doc. 40.)

2     **II.**      **DISCUSSION**

3     **A.**      **There is Good Cause to Modify the Schedule Pursuant to Fed. R. Civ. P. 16.**

4            Because Defendant seeks leave to amend the answer after the Court's March 16, 2020,

5 deadline for amending pleadings, the Court's threshold inquiry is under Federal Rule of Civil

6 Procedure 16(b).  Rule 16(b) provides that the district court must issue a scheduling order that

7 limits the time to join other parties, amend the pleadings, complete discovery, and file motions.

8 Fed. R. Civ. P. 16(b)(1)-(3).  Once in place, "[a] schedule may be modified only for good cause

9 and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

10            In addition to an enlargement of the deadline to amend the pleadings, the Motion to

11 Amend contemplates a need to extend the non-expert discovery deadline to conduct discovery

12 related to Defendant's proposed amendment.  (*See* Doc. 36-3 ¶ 58.)  Despite his objection to the

13 Motion to Amend, Plaintiff also wishes to extend the non-expert discovery deadline, as

14 evidenced by his currently-pending *ex parte* application to modify the case schedule.  (*See* Doc.

15 43.)  The parties proffer the same justification for these schedule modifications: that, despite

16 their best efforts to comply with the Scheduling Order, they have been unable to do so due to

17 COVID-19-related delays and their counsel's need to deal with significant personal matters.

18 (*See* Doc. 36-3 ¶¶ 9–10, 16, 29–32; Doc. 43-1 at 2; Doc. 43-2 ¶¶ 2–3, 11; Doc. 44 at 6–10.)

19            The Court finds the circumstances described by the parties in their respective filings, as

20 set forth above, constitute good cause to modify the case schedule.

21     **B.**      **Defendant May Amend His Answer Under Federal Rule of Civil Procedure**
22               **15(a)**

23            Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading

24 only by leave of court or by written consent of the adverse party and that leave shall be freely

25 given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has instructed that

26 the policy favoring amendments "is to be applied with extreme liberality."  *Morongo Band of*

27 *Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990).  The factors commonly considered

28 to determine the propriety of a motion for leave to amend are (1) bad faith, (2) undue delay, (3)

3

1    prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178,

2    182 (1962). The Ninth Circuit has held that it is the consideration of prejudice to the opposing

3    party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

4    1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining *Foman*

5    factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id. See also*

6    *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (In the absence of prejudice

7    or other negative factors, the party opposing the motion to amend has the burden of showing why

8    amendment should not be granted.). Further, undue delay alone is insufficient to justify denial of

9    a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

10                **1.        The Proposed Amendments Are Not Prejudicial to Plaintiff**

11           As consideration of prejudice to the opposing party carries the greatest weight, the Court

12   considers this factor first. *Eminence Capital, LLC*, 316 F.3d at 1052. Plaintiff asserts that it will

13   be prejudiced if Defendant is permitted to amend his answer because such amendments would

14   "require extensive discovery on collateral matters" with only less than a month left in the non-

15   expert discovery period. (Doc. 40 at 2, 4.)

16           The Court is not persuaded that Plaintiff has demonstrated that he will suffer substantial

17   prejudice if the Motion to Amend were granted. *See James ex rel. James Ambrose Johnson, Jr.,*

18   *1999 Trust v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012 U.S. Dist. LEXIS 146759, 2012

19   WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) ("If a court is to deny leave to amend on grounds

20   of undue prejudice, the prejudice must be substantial."). Plaintiff does not offer any specificity

21   in terms of what or how much "discovery on collateral matters" would be required. *See, e.g.,*

22   *Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14cv1034-GPC (JMA), 2015 WL 5022326, at *4

23   (S.D. Cal. Aug. 24, 2015) (refusing to find undue prejudice on "summary arguments" where

24   "neither party provide[d] any details as to what discovery on breach of contract and breach of the

25   covenant of good faith and fair dealing was conducted or what additional discovery would be

26   needed to address these proposed new claims."). Even if Plaintiff had provided such specificity,

27   "the need for additional discovery is insufficient by itself to deny a proposed amended pleading

28   based on prejudice." *Greenfield v. Am. W. Airlines, Inc.*, No. C03-05183 MHP, 2004 WL

2600135, at *4 (N.D. Cal. Nov. 16, 2004) (citing *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997). *See also Newton v. Am. Debt Servs., Inc.*, No. C-11-3228 EMC, 2013 WL 5592620, at *15 (N.D. Cal. Oct. 10, 2013) (additional discovery alone is not sufficient prejudice).

More importantly, the Court has already indicated it intends to modify the non-expert discovery deadline. Plaintiff will have additional time to conduct any necessary investigations or discovery required to address Defendant's amendments, thus curing any possible prejudice caused thereby. *See Macias v. Cleaver,* No. 1:13-CV-01819-BAM, 2016 WL 8730687, at *5 (E.D. Cal. Apr. 8, 2016) ("[P]rejudice to Defendants, if any, is eliminated by a continuance of the discovery deadlines.").

### 2.    The Proposed Amendments Are Not Futile

Although the validity of the proposed amendments is not typically considered by courts in deciding whether to grant leave to amend, such leave may be denied if the proposed amendment is futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Plaintiff does not contend that the affirmative defenses of the after-acquired evidence doctrine and unclean hands sought to be added to Defendant's answer are futile, and thus this factor does not weigh against permitting amendment.[3]

### 3.    There is No Evidence Defendant Seeks to Amend His Answer in Bad Faith or Unduly Delayed in Seeking Amendment

The Court finds no evidence that Defendant is seeking to amend his answer in a bad faith attempt to unnecessarily protract the litigation, and Plaintiff does not argue the existence of bad faith. This factor does not weigh against amendment. *See DCD Programs, Ltd.*, 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no

---

[3] Eschewing the issue of futility, Plaintiff instead characterizes Defendant's amendment as an "attempt to impeach Plaintiff's credibility, not to raise the after-acquired evidence defense," relying on *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1071–72 (9th Cir. 2004). (*See* Doc. 40 at 5.) The Court disagrees with Plaintiff's characterization, and further observes that *Rivera* is inapposite, in that it was decided in the context of a discovery dispute where the defendant requested that the Court permit discovery "for the purpose of uncovering illegal actions." *Id*. at 1071. Here, unlike *Rivera*, Defendant's request is not to conduct certain discovery in the hopes that it might support an after-acquired evidence defense, but rather to use the information it has already obtained in discovery to assert such a defense in his answer.

1    cause to uphold the denial of leave to amend on the basis of bad faith.").

2    In addition, the Court finds that Defendant did not unduly delay in seeking to amend his

3    answer.  According to Defendant, the information that forms the basis of the amendments is

4    contained in documents received from Plaintiff's former employer the United States Treasury

5    Department, which counsel reviewed "in the days before Plaintiff's October 23, 2020

6    deposition." (Doc. 36-3 ¶ 33.)  On December 1, 2020, after returning from traveling abroad to

7    attend her father's funeral, defense counsel apprised Plaintiff's counsel of Defendant's intent to

8    amend his answer. (*See id*. ¶ 49.)  The parties met and conferred, but as of December 11, 2020,

9    were unable to reach an agreement on the amendments. (*See id*. ¶¶ 50–56.)  Defendant promptly

10   filed his Motion to Amend on December 18, 2020, one week after the parties reached their

11   impasse. (*See* Doc. 36.)

12   Plaintiff contends Defendant was in possession of the documents from the Treasury

13   Department as early as November 2019 (*see* Doc. 40 at 5), yet, as discussed above, both parties

14   acknowledge that their progress in this case has been adversely impacted by circumstances

15   outside of their control.  Moreover, delay alone, without prejudice, cannot warrant denial of

16   leave to amend. *Bowles,* 198 F.3d at 758. *See also United States v. Webb*, 665 F.2d 977, 980

17   (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of

18   leave to amend.").  As the Court has already found, prejudice to Plaintiff, if any, is minimal.

19   On balance, the Court concludes that the factors weigh in favor of permitting Defendant

20   to amend his answer.

21                       **III.      CONCLUSION AND ORDER**

22   For the reasons set forth above, Defendant's Motion to Amend Answer (Doc. 36)

23   is GRANTED.  Accordingly, it is HEREBY ORDERED that:

24   1.   Defendant shall file the "First Amended Answer to Complaint" as proposed and attached

25        to its Motion (Doc. 36-1) **within 2 days from the date of this order**; and

26   2.   **Within 10 days from the date of this order**, the parties shall, after meeting and

27        conferring, file a joint stipulation to modify the case schedule, setting forth proposed

28

1       dates agreed to by all counsel as follows:

2              a.       A deadline for non-expert discovery;

3              b.       Deadlines for disclosures of expert witnesses and rebuttal expert

4                     witnesses; and

5              c.       A deadline for expert witness discovery.[4]

6   3.     The Settlement Conference, set for **February 25, 2021**, and the Pre-Settlement

7       Telephonic Conference, set for **February 17, 2021**, shall remain as scheduled.

8

9   IT IS SO ORDERED.

10  Dated:   **January 25, 2021**          /s/ *Sheila K. Oberto*

11                              UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

28  [4] As the Court has found good cause to modify the case schedule, Plaintiff's *ex parte* application seeking that same relief (Doc. 43) is DENIED as MOOT.