UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE W. MORT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MEGAN J. BRENNAN, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE,<br><br>　　　　　Defendant. | No. 1:19-cv-00652-NONE-SKO<br><br>ORDER RE: PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 57) |

This matter is before the Court on Plaintiff Theodore Mort's motion to compel, filed March 2, 2021, which seeks further responses to Plaintiff's Request for Production ("RFP") Nos. 1–9, 12–17, and 26–27 (the "Motion to Compel"). (Doc. 57.) Plaintiff and Defendant Postmaster General United States Postal Service ("Defendant") filed a joint statement directed to the Motion to Compel, as required by this Court's Local Rule 251, on March 31, 2021. (Doc. 60.) The Court found the joint statement inadequate, vacated the hearing, and ordered the parties to file an amended joint statement. (*See* Doc. 64.) On April 26, 2021, the parties filed their amendment. (Doc. 65.)

Having considered the parties' briefing, and for the reasons set forth below, the Motion to Compel will be denied.

**I.　　FACTUAL BACKGROUND**

Plaintiff brings this lawsuit asserting claims for retaliation under Title VII of the Civil

Rights Act of 1964 ("Title VII") and for disability discrimination under the Rehabilitation Act of 1973 (the "Rehabilitation Act") in connection with the termination of his employment as a Postal Inspector with the United States Postal Inspection Service ("USPIS"), the law enforcement arm of the United States Postal Service (the "Postal Service").[1]  (Doc. 1 ("Compl.").)

In his complaint, Plaintiff alleges that he was discriminated and retaliated against by USPIS following a September 2011 visit to his home by his "team lead" Mack Gadsden, Jr. ("Gadsden") and fellow Postal Inspector Jennifer Vincent-Hiland ("Vincent-Hiland"). (Compl. ¶¶ 19–20.) Plaintiff alleges that he was not at home at the time of the incident, which occurred over the Labor Day weekend, having taken "pre-approved time off ordered by Gadsden." (Id. ¶ 18, 20.) He claims Gadsden and Vincent-Hiland were searching for him, and while doing so "trespassed upon his private property by entering his secured privacy fenced yard to knock and look into the residences [sic] back doors and bedroom windows in the pre-dawn hours, not once but twice over the course of several hours." (Id. ¶ 19.)

According to Plaintiff, he filed a police report and obtained an ex parte temporary restraining order against Gadsden following the incident. (Compl. ¶¶ 30, 34.) He also took five days sick leave due to "stress." (Id. ¶ 24.) Plaintiff alleges that in response to these actions, his USPIS supervisors Adam Behnen ("Behnen") and Anthony Galetti ("Galetti") "refused to allow him to return to work and initiated an investigation of their own into [Plaintiff's] alleged misconduct." (Id. ¶ 64.) He claims that he was also subjected to multiple fitness-for-duty medical exams and "forced to remain out on administrative leave for over one year." (Id. ¶¶ 33, 50, 58, 65.) According to Plaintiff, he was unlawfully terminated in March 2013 for "alleged inaccuracies" in the police report he filed related to the incident involving Gadsden. (Id. ¶¶ 65, 69, 87.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information

---

[1] Plaintiff also pleaded a claim for discrimination under the Americans with Disabilities Act, but that claim was dismissed by stipulation of the parties. (See Doc. 6.)

2

within the scope of discovery "need not be admissible in evidence to be discoverable." *Id*. A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing *Soto*, 162 F.R.D. at 610)). In turn, the party opposing the discovery "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id*. (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). The Court is vested with broad discretion to manage discovery. *See Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Survivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

### III. DISCUSSION

Plaintiff moves to compel Defendant to supplement Defendant's discovery responses to his Request for Production ("RFP") Nos. 1–9, 12–17, 26–27 to certify that all responsive documents have been produced or, to the extent Defendant has withheld any documents based on privilege, to provide a privilege log of those documents. (Doc. 65 at 7, 8, 12, 13, 14.)

Defendant responds that, after meeting and conferring with Plaintiff as ordered, they have agreed to supplement their responses to Plaintiff's RFP Nos. 1–6 and 12 to indicate that they have produced all responsive documents. (Doc. 65 at 18, 20, 21, 23, 31, 32, 33.) Defendant also states that they conducted a reasonable search for documents responsive to RFP Nos. 7–9, and located no such documents. (*Id*. at 27, 28, 29.) Thus, the Motion to Compel directed to these requests will be denied as moot, and only Defendant's responses to RFP Nos. 13–17, 26, & 27

3

are deemed still in dispute.[2]

For the reasons set forth below, the Court finds that Plaintiff has not met his burden of establishing the relevance of the documents sought by RFP Nos. 13–17, 26, & 27 to warrant the ordering of further responses by Defendant, will deny the Motion to Compel on that basis.[3]

**A.     RFP No. 13**

According to Plaintiff, RFP No. 13 seeks "documents related to Plaintiff completing a standard periodic Medical Exam in January 2011." (Doc. 65 at 14.) Defendant has refused to produce such documents on grounds that the request seeks irrelevant material and is overly broad. (*Id*. at 33–34.)

The Court finds that Plaintiff has not sufficiently explained how documents pertaining to a January 2011 examination—which predates all of the events about which he complains in this lawsuit—are relevant to his claims. Indeed, Plaintiff has not provided any information about the

---

[2] Plaintiff also requests that the Court order Defendant to "provide a privilege log for all of the documents it is withholding." (Doc. 65 at 2.) In their "Joint Status Report" submitted in advance of their Initial Scheduling Conference, the parties agreed as follows:

> The parties agree that they would like to conserve resources by avoiding unnecessary privilege logs. The parties therefore agree that the scope of discovery shall not include documents prepared by counsel after the commencement of the EEOC hearing process. They further agree that such documents or information shall be deemed non-responsive and may be withheld without the need to assert or interpose an objection or seek a protective order, except as provided in Federal Rule of Civil Procedure 26(b)(4)(C) for certain communications with or documents provided to testifying experts. The parties further agree that they need not produce privilege logs unless and until requested by counsel through meet and confer regarding specific objections asserted.

(Doc. 12 at 6.) Defendant contends that Plaintiff's request for a privilege log is premature because the parties have not yet met and conferred "regarding specific objections asserted." (Doc. 65 at 18.) Plaintiff does not dispute this contention, and his description of the parties' meet-and-confer conferences does not include an indication that "specific objections" on the basis of privilege (or even the provision of a privilege log generally) were discussed. (*See id*. at 2–5.) Accordingly, the Court will enforce the parties' agreement, and Plaintiff's Motion to Compel Defendant to produce a privilege log will be denied as premature. *See, e.g., Tain v. Hennessey*, No. 03CV1481 IEG (NLS), 2010 WL 11509171, at *1 (S.D. Cal. Oct. 28, 2010) (denying motion to compel as moot where parties agreed to a schedule for the production of documents).

[3] Defendant also urges the Court to deny the Motion to Compel on grounds that it is untimely in violation of the Scheduling Order. (Doc. 65 at 34.) The Scheduling Order provides states that the deadline for filing motions to compel non-expert discovery is the close of fact discovery, which the parties agreed to enlarge to March 5, 2021. (*See* Docs. 15, 52.) Plaintiff's Motion to Compel was filed March 2, 2021, prior to that deadline. While the Scheduling Order gives the Court discretion to deny a motion to compel where, as here, it was not filed early enough so that it could be heard sufficiently in advance of the March 5, 2021, deadline (*see* Doc. 15 at 3), the Court declines to exercise such discretion to deny the Motion to Compel on the basis of untimeliness, particularly given the absence of prejudice to Defendant.

documents sought by RFP No. 13, other than the description of its subject matter quoted above. This is not enough to satisfy Rule 26(b)'s relevancy requirements and the Court declines to speculate on the issue. *See Johnson v. Nw. Airlines, Inc.*, No. C 08-02272 VRW, 2009 WL 839044, at *2 (N.D. Cal. Mar. 30, 2009) ("Although the burden on parties requesting discovery is low, they must meet a threshold of relevance that is beyond speculation; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case.") (internal quotation marks omitted). Because Plaintiff has not met his burden of establishing relevancy, *Louisiana Pac. Corp.*, 285 F.R.D. at 485, the Motion to Compel a further response from Defendant to RFP No. 13 is denied.

**B.     RFP Nos. 14–17**

These requests seek "[a]ny and all documents referring or relating to the assignment of any and all United States Postal Inspectors in the Fresno area" from 2006 to present. (Doc. 65 at 5–6.) Defendant has refused to produce responsive documents on grounds that the request is vague, seeks irrelevant material, and is overly broad as to the timeframe of documents sought. (*Id.* at 23–26.)

Plaintiff asserts that the documents sought by these RFP Nos. 14–17 are relevant because:

> Plaintiff alleges that prior to engaging in protected activity he received accolades such as investigator of the years. Plaintiff alleges he was doing the work of three investigators when he was working alone in Fresno. Defendant has called into question these allegations and employees have accused Plaintiff of falsifying his worklog. Accordingly, comparing Plaintiff's worklogs to his comparators is going to be a [sic] integral part of his pretext argument.

(Doc. 65 at 8.) This theory of relevance, however, bears little relation to Plaintiff's claims for relief or the operative events giving rise to those claims. Plaintiff pleads claims for retaliation under Title VII and for disability discrimination under the Rehabilitation Act as result of alleged acts occurring between September 2011 and his termination in March 2013—there are no allegations of wrongdoing prior to that time. (Compl. ¶¶ 105–116, 136–147.) He also does not allege that he was retaliated or discriminated against because "employees [] accused [him] of falsifying his worklog." Nor does he allege that Defendant gave that reason for his termination.

In fact, the alleged falsification of Plaintiff's worklog is not mentioned in the complaint. Plaintiff contends that his comparator's worklogs (which are presumably a subset of the "assignment" documents sought by RFP Nos. 14–17) from 2006 to present are an "integral part of his pretext argument," but he fails to explain **why** or **how**. *See Louisiana Pac. Corp.*, 285 F.R.D. at 485; *Johnson*, 2009 WL 839044, at *2. Accordingly, the Motion to Compel further responses from Defendant to RFP Nos. 14–17 is denied.

C. **RFP Nos. 26 & 27**

These requests seek "[a]ny and all documents referring or relating to each and every time" Gadsden or Vincent-Hiland "visited an employee's home during work hours" from 2006 to present. (Doc. 65 at 9–10.) Defendant has refused to produce such documents on grounds that the request is vague, seeks irrelevant material, and is overly broad as to the timeframe of documents sought. (*Id.* at 29–30.)

Plaintiff characterizes the documents sought by RRP Nos. 26 and 27 as "comparator and me too evidence related to Gadsden and Vincent-Hiland engaging in welfare checks for any other employees" and asserts that he intends to "us[e] this evidence to demonstrate he was singled out after making multiple complaints that the Fresno office was understaffed and he was doing the work of three Inspectors." (Doc. 65 at 10.) Once again, Plaintiff's articulated basis for the relevance of these documents from 2006 to present is divorced from the claims and operative acts at issue in this case.

Plaintiff does not allege that the visit by Gadsden and Vincent-Hiland to his home in September 2011 was made because he complained about staffing issues in the Fresno office or for any other purpose that could give rise to his claims. His retaliation and discrimination claims are <u>not</u> predicated on Gadsden's and Vincent-Hiland's September 2011 visit to his home. Instead, these claims are based on acts by Plaintiff's supervisors Behnen and Galetti—not Gadsden or Vincent-Hiland—allegedly undertook ***afterward***. (Compl. ¶¶ 93, 105, 106–116 (allegations that Plaintiff was retaliated against by filing EEOC complaint about the visit); *id.* ¶¶ 69, 139, 144–47 (allegations that Plaintiff suffered discrimination as a result of a perception of disability formed after visit).)

In the absence of any established basis for finding documents responsive to Request Nos. 26 and 27 relevant, *Louisiana Pac. Corp.*, 285 F.R.D. at 485, the Motion to Compel a further response from Defendant to these requests is denied.

### IV. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's Motion to Compel (Doc. 57) is DENIED as follows:

1. **By no later than ten (10) days from the date of this order**, Defendant shall serve supplemental responses to Plaintiff's RFP Nos. 1–9 and 12 in accordance with their representations made in the parties' "Joint Statement Regarding Motion to Compel." (Doc. 65 at 18, 20, 21, 23, 27–29, 31–33.) As such, the Motion to Compel further responses from Defendant to these requests is DENIED as moot;

2. The Motion to Compel Defendant to produce a privilege log is DENIED as premature; and

3. The Motion to Compel further responses from Defendant to Plaintiff's RFP Nos. 13–17, 26, & 27 is DENIED on grounds of relevance.

IT IS SO ORDERED.

Dated:   **May 14, 2021**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE