**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THEODORE W. MORT, an individual, | Case No. 1:19-cv-00652-JLT-SKO |
| Plaintiff, | ORDER DENYING MOTION FOR PROTECTIVE ORDER AND GRANTING REQUEST TO SEAL |
| v. | |
| LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | (Doc. 128; Doc. 130) |
| Defendant. | |

Before the Court are United States Postal Inspection Service's motion for a protective order (Doc. 128) and request to seal (Doc. 130) a document from Mort's trial exhibit list referred to as "02/26/16 Email Keith Silva to Rho, Nunez, Rickher, McKeown subject FW: Baumgart Report, with attachments" (the "Silva Email"). Mort filed the Silva Email as an attachment to his response to USPIS's Motion in Limine No. 6 (Doc. 120-1 at 27-49). USPIS also filed a motion in limine asking the Court to exclude the Silva Email based on Mort's failure to timely produce the document during discovery. (Doc. 105.) Because the Court granted USPIS's motion in limine to exclude the Silva Email and Mort is prohibited from introducing the document at trial, USPIS's motion for protective order (Doc. 128) is now moot and therefore, **DENIED**.

As for the request to seal, without reaching the question of whether it is protected by attorney-client privilege, the Court finds the Silva Email contains sensitive information about a non-party employee's misconduct at USPIS. (*See* Doc. 128-2 at 2.) Such confidential personnel

1

information typically provides a valid basis to seal the document. *See Cowan v. GE Cap. Retail Bank*, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (sealing documents containing "highly sensitive personnel documents" about non-party employees' evaluations); *Huerta v. Cnty. of Tulare*, 2019 WL 1367803, at *8 (E.D. Cal. Mar. 26, 2019) (granting request to seal "confidential personnel records"). The request to seal will be granted. Accordingly, and for the reasons state above,

1. USPIS's motion for protective order (Doc. 128) is **DENIED** as moot.
2. USPIS's request to seal (Doc. 130) is **GRANTED**.
3. The Clerk of Court is directed to seal the entirety of Doc. 120.
4. Mort is directed to re-file the public portions of the motion and attachments currently contained within Doc. 120. Thereafter, he shall submit for sealed docketing only the portion subject to seal as described herein (Doc. 120-1 at 27-49) in accordance with Local Rule 141.

IT IS SO ORDERED.

Dated: __August 16, 2022__                                    /s/ Jennifer L. Thurston
                                                                                  UNITED STATES DISTRICT JUDGE

2