1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    THEODORE W. MORT,                        Case No.  1:19-cv-0652-JLT-SKO

12              Plaintiff,

13    v.                                        ORDER AMENDING DEFENDANT'S
                                                MOTION IN LIMINE NO. 3
14    LOUIS DEJOY, Postmaster General
      United States Postal Service,
15                                              (Doc. 167)

16              Defendant.

17

18          On August 10, 2022, the Court entered an order addressing the parties' several motions in

19    limine. (Doc. 160.) The Court granted in part USPIS's Motion in Limine No. 3 (*Id.* at 9-11),

20    which sought to introduce evidence and testimony of Mr. Mort's misconduct that occurred before

21    USPIS hired him. (Doc. 101 at 3.) USPIS argued this information was found in prior OIG

22    investigations that concern Mr. Mort's employment history at Treasury OIG. Id. USPIS

23    uncovered the prior OIG investigations during discovery of this litigation, and the investigations

24    revealed, *inter alia*, that Mr. Mort provided false and misleading statements to investigators and

25    while under oath. (*Id.* at 5.) Based on the arguments and authorities presented by the parties in the

26    original briefing regarding this evidence, the Court granted the motion in limine as to the damage

27    claim. (Doc. 160 at 10-11.) However, the Court prohibited USPIS from presenting the OIG

28    investigations to the jury as a defense to Mr. Mort's claim that USPIS acted discriminatorily by

                                              1

1   requiring multiple fitness for duty examinations, placing him on administrative leave, and

2   terminating his employment. (*Id.*) The Court relied upon the *McKennon* rule, which does not

3   permit employers to rely on evidence that it acquired *after* the alleged discriminatory decision to

4   negate liability under the Age Discrimination in Employment Act but allows such evidence to

5   limit equitable remedies. (*Id.*); *see also McKennon v. Nashville Banner Publishing*, 513 U.S. 352,

6   359-62 (1995) (holding information not known to the employer at the time of the adverse

7   employment decision had no relevance to its discriminatory motive).

8       After the Court's order, USPIS filed a motion for reconsideration[1] which includes

9   authority not previously presented or relied upon (*Anthony v. Trax Int'l Corp.*, 955 F.3d 1123 (9th

10  Cir. 2020)). (Doc. 167 at 3.) Mr. Mort did not oppose USPIS's motion for reconsideration. In

11  *Anthony*, the Ninth Circuit held that the *McKennon* rule, prohibiting after-acquired evidence as a

12  defense to discriminatory motive, does not apply to the "qualified individual" element of an ADA

13  claim. *Anthony*, 955 F.3d at 1134. The plaintiff and the amicus EEOC argued plaintiff's lack of a

14  bachelor's degree, which was a prerequisite for her position as a "technical writer," was irrelevant

15  to the decision to terminate her employment because the defendant learned of this information

16  after the adverse employment action occurred. *Id.* at 1128. The Court disagreed. Although

17  plaintiff's lack of a bachelor's degree had no relevance to discriminatory intent, the evidence was

18  probative of whether plaintiff was qualified at the time of her termination from employment,

19  regardless of when the employer learned of the information. *Id.* 1129. Because "an employee

20  must show she was qualified at the time of the of the adverse employment action, rather than

21  some earlier or later time," the qualification determination is not limited to "facts known to the

22  employer at the time of challenged employment action." *Id.* The Court explained that "an

23  employer's subjective knowledge has no bearing on the skill, experience, education and other job-

24  related qualifications that a person in fact possesses." *Id.* (internal citations and modifications

25  omitted).

26      The Ninth Circuit further explained the *McKennon* rule does not contradict its holding in

27

28  _____

[1] Although USPIS styled the motion as one for "clarification," the Court construes it as a motion for reconsideration under Local Rule 230(j).

2

1    *Anthony*. In *McKennon*, the Supreme Court addressed a claim for discrimination under the Age

2    Discrimination in Employment Act, which does not contain a separate element requiring the

3    plaintiff to be a "qualified individual." *Id.* at 1128-30. On the other hand, the statutory language

4    of the ADA "expressly limits its protections to qualified individuals." *Id.* at 1130. The inquiry

5    into whether the employer had a legitimate, nondiscriminatory reason for plaintiff's discharge

6    depends in part on the employer's subjective knowledge at the time of the adverse employment

7    action; on the other hand, the employer's subjective awareness of plaintiff's credentials does not

8    impact whether plaintiff was, in fact, qualified or not for her position. *Id.* Thus, the Supreme

9    Court's reasoning behind the *McKennon* rule does not apply to the "qualified individual" element.

10        The OIG investigations contain information bearing on whether Mr. Mort had the

11   necessary qualifications to be a postal inspector at the time USPIS took the alleged adverse

12   employment actions. These investigations revealed that Mr. Mort had lied to investigators and

13   under oath prior to starting his position at USPIS. (Doc. 101 at 5.) A jury could find that a

14   documented history of making false statements under oath impacted Mr. Mort's credibility to

15   serve as a witness in court and administrative proceedings, which is an expressly listed job

16   requirement of a postal inspector. (Doc. 99-6 at 1.) In deposition, Mr. Mort admitted that

17   impeachment evidence may make a postal inspector "Giglio-impaired" and thus, unable to testify

18   in court. (99-5 at 3.) The Ninth Circuit case law makes clear the OIG Investigations regarding Mr.

19   Mort's qualifications may be used to negate the "qualified individual" element of his prima facia

20   case for discrimination under the ADA, regardless of when USPIS discovered the information.

21   *Anthony*, 955 F.3d at 1129; *see also Armijo v. Costco Wholesale Warehouse, Inc.*, 2022 WL

22   1267254, at 8-9 (D. Haw. Apr. 28, 2022) (finding plaintiff unqualified for his position under the

23   ADA based upon evidence discovered after the alleged adverse employment action and that

24   showed plaintiff did not actually have the experience listed on his resume).

25        Accordingly, the Court amends its prior order, and USPIS may present testimony and

26   evidence regarding the OIG investigations to the jury as relevant to the "qualified individual"

27   element of the ADA claim and Rehabilitation Claim. *See Mantolete v. Bolger*, 767 F.2d 1416,

28   1424-25 (9th Cir. 1985) (affirming trial court's admission of evidence of after-acquired medical

and employment history showing plaintiff's epilepsy rendered her unable to perform essential

functions under her Rehabilitation Act claim).  Therefore, USPIS's motion for reconsideration

(Doc. 167) is **GRANTED**.

IT IS SO ORDERED.

    Dated:   **September 7, 2022**

UNITED STATES DISTRICT JUDGE