1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THEODORE W. MORT, | Case No. 1:19-cv-0652-JLT-SKO |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO AMEND HIS WITNESS LIST |
| v. | |
| LOUIS DEJOY, Postmaster General United States Postal Service, | (Doc. 170) |
| Defendant. | |

On September 26, 2022, Mort's counsel filed a declaration requesting to amend his witness list to add Mr. Keith Silva and Mr. Jensen Rodriguez as impeachment witnesses.[1] (Doc. 170.) USPIS objected to the amended witness list because Mort's request violates the Court's amended pretrial order and its prior order regarding the parties' motions in limine. (Doc. 171 at 1.) On July 8, 2022, the Court issued an amended pretrial order, which contains the final and complete list of any witnesses to be called at trial. (Doc. 112 at 12.) Pursuant to the amended pretrial order: "no witness, other than those listed in this section, may be called at trial unless the parties stipulate or upon showing that this order should be modified to prevent 'manifest

---

[1] Mr. Patten's declaration also purports to add Arceli "Sally" Diaz" as a witness; however, Ms. Diaz properly appeared on Mort's original witness list and has not been subject to any subsequent exclusion order. (Doc. 112 at 12.) Thus, no amendment is needed to include Ms. Diaz on Mort's witness list.

1

injustice.'" (*Id.* at 11-12 (emphasis omitted).) The pretrial order's prohibition on undisclosed witnesses applies equally to impeachment and rebuttal witnesses. (*Id.*)

### 1. Keith Silva

Regarding Mr. Silva, Mort included Mr. Silva on his original witness list; accordingly, he appears in the Court's amended pretrial order witness list. (Doc. 112 at 12.) However, the Court subsequently prohibited Mort from offering any testimony from Mr. Silva by granting USPIS's Motion in Limine No. 6. (Doc. 160 at 14-16.) The Court excluded Mr. Silva's testimony as a sanction under Federal Rule of Civil Procedure 37 because Mort failed to disclose Mr. Silva as a witness during discovery as required by Rule 26(a). (*Id.*) Rule 26(a), however, does not require parties to disclose witnesses that intends to use "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Mort's current proposal to add Mr. Silva to his witness list states that he wishes to use Mr. Silva "as an impeachment witness in this matter as to matters other than the Baumgart case which the Court ruled would not be introduced at trial." (Doc. 170 at 2.) Because Rule 26(a) does not require disclosure of impeachment witnesses, Rule 37's enforcement through preclusion sanctions do not apply. *Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1171-72 (9th Cir. 2008) (holding testimony offered "strictly for impeachment purposes" admissible at trial despite failure to disclose during pretrial disclosures). Accordingly, Mort may offer testimony from Mr. Silva *solely* for the purpose of impeachment. *See Mustang Mktg., Inc. v. Chevron Prods. Co.*, 2006 WL 5105559, at *5 (C.D. Cal. 2006) (denying motion in limine to preclude four undisclosed witnesses from testifying because opposing party proffered them as impeachment witnesses).

However, Rule 26(a)'s exception for impeachment evidence does not apply to testimony which also has substantive value. *Kempf v. Barrett Bus. Servs., Inc.*, 336 F. App'x 658, 661 (9th Cir. 2009) (affirming district court's exclusion of untimely disclosed testimony because the testimony was offered only "in part" to impeach); *see also Fresno Rock Taco, LLC v. Na'l Sur. Corp.*, 2013 WL 3803911, at *5 (E.D. Cal. July 19, 2013) ("[I]f evidence not previously identified or disclosed has relevance to the substance of a claim or defense of the offering party, the evidence will not be deemed as offered solely for impeachment purposes, and it may also be excluded from trial."). Testimony has substantive value if it relates to a plaintiff's prima facie

case or a defendant's affirmative defenses. *Norwood v. Children & Youth Servs. Inc.*, 2013 WL 12133879, at *4 (C.D. Cal. Dec. 3, 2013) ("Case law holds that evidence material to the substance of the case—evidence that would tend to prove the truth of a matter to be determined by the jury—must be disclosed even if it could also be considered impeaching with respect to some aspect of a witness's testimony."). Rather, "'[i]mpeachment' in this context refers to attacks on the credibility of a witness." *Hagan v. Cal. Forensic Med. Grp.*, 2009 WL 689740, at **1-2 (E.D. Cal. Mar. 5, 2009). Rule 26(b), which defines the scope and limits for discovery requests, does not contain an exception for impeachment evidence. Thus, if impeachment testimony from Mr. Silva would have been responsive to any discovery request made by USPIS, Mort must have provided it during discovery to avoid the exclusion under Rule 37. *See Stevens v. City of Red Bluff*, 2007 WL 184816, at *2 (E.D. Cal. Jan. 19, 2007) ("Thus, if evidence that has impeachment value is subject to mandatory disclosure or was requested in discovery, a litigant who fails to reveal such evidence faces having it excluded at trial, or other ramifications.").

Consistent with the limitations outlined above, the Court **GRANTS** in part and **DENIES** in part Mort's request to call Mr. Silva as an impeachment witness. Mort's request does not specify the matters about which he believes Mr. Silva will provide impeachment testimony. The Court, therefore, cannot currently determine the exact scope of admissible testimony. Mort may call Mr. Silva as an impeachment witness, but he may not testify regarding the merits of Mort's claims or include testimony responsive to USPIS's requested discovery. USPIS may raise objections during trial if Mr. Silva's testimony exceeds the imposed limitations.[2]

2.   Jensen Rodriguez

With respect to Mr. Rodriguez, Mort did not previously disclosed Mr. Rodriguez's relevance to this case, nor does he appear on the original witness list in the Court's pretrial order. (*See* Doc. 112 at 12; Doc. 171 at 2.) To amend the pretrial order without USPIS's stipulation,

---

[2] The Court is aware that counsel for Mort served upon USPIS a trial subpoena for Mr. Silva, to which USPIS filed an objection. (Doc. 164.) A trial subpoena should "command each person *to whom it is directed*." Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added). During the motion in limine hearing, counsel for Mort represented that Mr. Silva is no longer employed by USPIS. (Doc. 166 at 49.) Accordingly, because Mr. Silva is no longer affiliated with the USPIS, Mort may not direct a trial subpoena to USPIS. Rather, it is Mort's responsibility to produce Mr. Silva at trial or issue a subpoena appropriately directed at the witness.

Mort must demonstrate a "manifest injustice" would occur absent amendment. (Doc. 112 at 11-12.) Moreover, because Mort discovered Mr. Rodriguez after pretrial discovery, he must demonstrate why the witness could not have been discovered prior to the discovery cutoff; promptly notify the opposing party and the Court; and either proffer the witness for deposition or provide a reasonable summary of the witness's testimony. (*Id.* at 12-13.) Mort has not satisfied any of the pretrial order's requirements. Mort's request contains no argument, evidence, or authoritative support to suggest the exclusion of Mr. Rodriguez would result in "manifest injustice." He states only that Mr. Rodriguez "has information which directly contradicts sworn deposition testimony of a key Defense Witness in this matter concerning whether any other Postal Inspectors had been permitted light duty as an accommodation." (Doc. 170 at 2, ¶ 7.) Mort did not explain when or how he discovered the alleged relevance of Mr. Rodriguez's testimony or why he could not have discovered this testimony earlier. Also, he did not offer Mr. Rodriguez for deposition or provide a reasonable summary of his testimony. Finally, Mort's own Motion in Limine No. 3, which the Court granted, prevents either party from introducing evidence or testimony not disclosed in discovery. (Doc. 160 at 25.) Mort's threadbare request to add Mr. Rodriguez to his witness list does not warrant amendment of the pretrial order or an exception to the order granting his Motion in Limine No. 3. Accordingly, the Court **DENIES** Mort's request to add Mr. Rodriguez to his witness list. Mr. Rodriguez's testimony will not be permitted at trial for any reason, including impeachment or rebuttal.

IT IS SO ORDERED.

Dated:   **October 24, 2022**

UNITED STATES DISTRICT JUDGE