1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   THEODORE W. MORT, an individual, | Case No. 1:19-CV-00652-JLT-SKO |
| 12                      Plaintiff, | |
| 13   v. | ORDER DENYING PLAINTIFF'S MOTION REGARDING TREATMENT |
| 14   LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | OF WITNESSES |
| 15   | (Doc. 177) |
| 16                      Defendant. | |
| 17 | |

18          This matter is currently set for trial on April 10, 2023. All witnesses currently on the

19   parties' pretrial lists were disclosed and publicly known since at least the initial pretrial order

20   issued on June 21, 2022 (Doc. 97). On November 2, 2022, Mort filed a motion requesting the

21   Court issue an order regarding the treatment of witnesses. (Doc. 177.) Mort asks the Court to

22   order the parties to "refrain from any conduct which would give the appearance of intimidation,

23   retaliation or favoritism to any witness identified by either party . . ." (*Id.* at 2.) Mort contends the

24   Court has the authority to grant the requested relief under Federal Rule of Evidence 611(a)(3) and

25   18 U.S.C. § 1512(b), 1519. (Doc. 177-1 at 2.) As an evidentiary basis, Mort alleges that the U.S.

26   Postal Inspection Service has engaged in retaliatory conduct against his witness Sally Diaz and

27   against Jensen Rodrigues, nephew of his witness Keith Silva. (*Id.* at 1-3.) As discussed below,

28   Mort's motion provides neither an adequate legal basis nor evidentiary basis to support his

1  request. Accordingly, the Court **DENIES** Mort's motion.

2  **I.    DISCUSSION**

3     Federal Rule of Civil Procedure 7(b) requires the movant of any request for an order of

4  the Court to "state with particularity the grounds for seeking the order." The grounds must

5  include both a valid legal and sufficient factual basis for the requested relief. *See Aref v. Hickman*,

6  2007 WL 9706634, at *1 (C.D. Cal. Aug. 10, 2007). Rule 11, which authorizes sanctions against

7  parties who file frivolous motions, further mandates that every motion contain claims that "are

8  warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

9  existing law or for establishing new law" and that "factual contentions have evidentiary support."

10  Fed. R. Civ. P. 11(b)(2)-(3).

11  **A.    Legal Basis**

12     Mort's motion lacks a valid legal basis for an order regarding the treatment of witnesses.

13  First, Mort's reliance upon Federal Rule of Evidence 611(a)(3) does not readily identify the

14  authority upon which the Court could grant the requested relief. Rule 611(a)(3) states the "court

15  should exercise reasonable control over the mode and order of examining witnesses and

16  presenting evidence so as to . . . protect witnesses from harassment or undue embarrassment."

17  The comments by the Advisory Committee explain that this subsection "calls for a judgement

18  under the particular circumstances whether interrogation tactics entail harassment or undue

19  embarrassment." Fed. R. Evid. 611(a)(3), advisory committee's note. Both the text of the statute

20  and the accompany comments focus on the Court's role of protecting witnesses *during* trial while

21  under examination by the opposing party. Mort provided no case law or other authority that

22  explains how and under what circumstances Rule 611 may extend to pretrial protections of

23  witnesses. It is not the Court's role to *sua sponte* provide the appropriate legal basis for relief

24  where the movant fails to do so.[1]

25

26

27  [1] Even if the Court were to construe Mort's motion as one for injunctive relief, his motion makes no attempt to plead the required elements. *See e.g., Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest.").

28

2

Second, Mort's reference to 18 U.S.C. § 1512(b), 1519 is equally unavailing. Sections 1512 and 1519 are part of the United States criminal code governing the tampering with witnesses and evidence in federal courts and administrative agencies. Although these statutes reflect the criminal repercussions that could occur as a result of undue harassment, intimidation, or threats upon a witness, nothing in the statutes indicates how the Court may have authority, in a civil matter, to issue an order to enjoin parties from engaging in such criminal conduct. Again, Mort failed to provide any legal authority or case law to explain how 18 U.S.C. § 1512(b), 1519 afford the requested relief.

**B.    Evidentiary Basis**

Even if Mort had identified a valid legal basis for his request, his conclusory allegations that Sally Diaz and Jensen Rodrigues experienced retaliatory conduct do not warrant relief. (*See* Doc. 177 at 1-2.) First, Mort claims that the U.S. Postal Inspection Service withdrew a contract position for his witness Sally Diaz. (Doc. 177-1 at 2.) Mort submitted an email of a text that he allegedly received from Sally, which states that her job offer had been revoked without an explanation. (Doc. 177-2 at 4.) Mort contends that the revocation indicates retaliation because it occurred "shortly after she was named as a witness for Plaintiff." (Doc. 177 at 1-2.) In response, the U.S. Postal Inspection Service clarifies that Sally Diaz has been on Mort's witness list since the beginning of the litigation and testified on his behalf at the August 2016 EEOC hearing. (Doc. 178 at 4-5.) The revocation of a job contract approximately six years after the U.S. Postal Service learned of her involvement in Mort's case does not, without more, implicate a retaliatory motive. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'"); *see also Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir.2003) (holding nine months too attenuated to infer retaliation).

Second, Mort asserts that Jensen Rodrigues, who is currently employed by the U.S. Postal Inspection Service and is the nephew of Mort's proposed impeachment witness Keith Silva, "is suffering adverse employment actions." (Doc. 177-1 at 1-2.) In his initial motion, Mort gave no

3

1    additional information about the type, frequency, or impact of the alleged adverse employment

2    actions Mr. Rodrigues has suffered. Although the Court lacks a proper standard to review the

3    evidentiary sufficiency of his allegations because Mort did not identify a valid legal basis for his

4    request, Mort's vague and conclusory allegations that Mr. Rodrigues suffered "adverse

5    employment actions" does not satisfy even the slightest burden of proof upon which the Court

6    could assess the motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (evaluating a motion to

7    dismiss under Rule 12(b)(6) assumes alleged facts as true, but "[t]hreadbare recitals of the

8    elements of a cause of action, supported by mere conclusory statements, do not suffice").

9           In his reply, Mort submitted a statement from Mr. Rodrigues which detailed several

10   adverse employment actions including, *inter alia*, a negative performance review, "gaslighting"

11   by his superior, a verbal assault from his superior, and the overloading of tasks and projects

12   compared to his coworkers. (Doc. 179-1 at 7-8.) Mort gave no explanation for why he did not

13   include this statement with his initial motion. The Court will not consider evidence or arguments

14   submitted for the first time with a party's reply brief because it deprives the opposing the

15   opportunity to respond.[2] *Sepe v. Gordon Trucking, Inc.*, 2017 WL 2547034, at *5 (E.D. Cal. June

16   13, 2017) ("The Court will not address arguments raised for the first time in a reply."); *Chavez v.

17   AmeriGas Propane, Inc.*, 2015 WL 12859721, at *4 (C.D. Cal. Feb. 11, 2015) (refusing to

18   consider arguments and evidence submitted for the first time in the reply brief); *Ellis v. J.P.

19   Morgan Chase & Co.*, 2015 WL 9178076, at *5 (N.D. Cal. Dec. 17, 2015) (explaining that

20   evidence presented for the first time in a movant's reply brief deprives the opposing party of the

21   ability to give context or its explanation of the evidence). Even though Mr. Rodrigues's statement

22   does not impact the Court's ruling on the instant motion, his allegations, if true, present a

23   significant concern of retaliatory conduct prohibited by the Americans with Disabilities Act. 42

24   U.S.C. § 12203. The Court cautions the parties of the legal repercussions that could occur under

25   the ADA, which makes it unlawful to "coerce, intimidate, threaten, or interfere" with any

26

27   ---
     [2] Mort also submitted a statement from Keith Silva which describes a culture of discrimination and retaliation in the workplace at the United States Postal Service and recounts the adverse actions taken against his nephew. (Doc. 179-1

28   at 4-5.) Mr. Silva's statement suffers the same lateness issues as Mr. Rodrigues's statement and presents inadmissible hearsay. Fed. R. Evid. 802.

4

individual who aids or encourages another to exercise his rights under the ADA. 42 U.S.C.

§ 12203(b). Moreover, the ADA prohibits discrimination against any individual who testifies or

assists in an investigation leading to a cause of action under the ADA. 42 U.S.C. § 12203(a).

## II.    CONCLUSION AND ORDER

Because Mort has not provided a sufficient legal or factual basis for his motion, he has

failed to carry his burden for his requested relief. Nonetheless, the Court advises the parties of the

legal repercussions that exist for the tampering of witnesses and retaliatory conduct towards any

person who assists in the exercise of rights under the ADA, as explained above. For the forgoing

reasons, Mort's motion for order regarding treatment of witnesses (Doc. 177) is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 12, 2023**

UNITED STATES DISTRICT JUDGE