PHILLIP A. TALBERT
United States Attorney
VICTORIA L. BOESCH
PHILIP A. SCARBOROUGH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the Postmaster General

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE W. MORT, an individual, | CASE NO. 1:19-cv-00652-JLT-SKO |
| Plaintiff, | OPPOSITION TO REQUEST FOR JUDICIAL NOTICE |
| v. | |
| LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | JUDGE: Hon. Jennifer L. Thurston |
| | COURT: Courtroom 4, 7th Floor |
| Defendant. | TRIAL: April 12, 2023 |

On April 20, 2023, plaintiff Theodore Mort filed a request for judicial notice, seeking to have the Court take notice of certain government salary tables. *See* Dkt. 198. The salary tables are only relevant to Mort's potential damages. It appears, based on handwritten markings on the tables,[1] that Mort intends to argue that his economic damages should be calculated based on step increases in his salary. *Compare, e.g.*, Dkt. 198 at 4 (salary table for 2013 with handwritten circle of GS-13, Step 5), *with id.* at 5 (salary table for 2014 with handwritten circle of GS-13, Step 6). Any such argument, however, directly contradicts the Court's ruling on the Postmaster General's motion in limine number 8.

In ruling on that motion, the Court held that "Mr. Mort's non-compliance with Rule 26 warrants some exclusion of economic damages evidence." Dkt 160 at 21. The Court then held that "Mr. Mort

---

[1] The Postmaster General notes that, to the extent salary tables are judicially noticeable, only the salary tables themselves can be noticed. Any handwritten markings or notations are not part of the government's official salary tables and, therefore, do not meet the standard for judicial notice under Federal Rule of Evidence 201.

may testify regarding his salary and how long he intended to work, as it relates to back pay and front pay damages." *Id.*  The Court also held that "because Mr. Mort did not . . . disclose relevant inputs, *such as a calculation of anticipated pay raises, promotions, or other adjustments to his salary*, Mr. Mort may not present evidence of these factors." *Id.* (emphasis added); *see also id.* at 22 ("Mr. Mort may testify to the amount his salary was before termination and how many years he intended to work.  Except as to this testimony, USPIS's Motion in Limine No. 8 is GRANTED.").

The government salary tables, and any suggestion that Mort's salary would have increased in steps each year, constitutes evidence of "anticipated pay raises, promotions, or other adjustments to his salary." *Id.*  The Court has already held that such evidence cannot be presented.

Accordingly, the Court should deny Mort's request for judicial notice consistent with the Court's ruling on motion in limine number 8.  Dkt. 160 at 21.

                                              Respectfully submitted,

                                              PHILLIP A. TALBERT
                                              United States Attorney

Dated:  April 20, 2023           By:    */s/ Philip A. Scarborough*
                                              VICTORIA L. BOESCH
                                              PHILIP A. SCARBOROUGH
                                              Assistant United States Attorneys